IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Demetrius Porras,<br><br>    Petitioner,<br><br>v.<br><br>State of Arizona, et al.,<br><br>    Respondent. | No. CV-20-02436-PHX-DLR (JFM)<br><br>**ORDER**<br>**and**<br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 29) regarding Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 9). The R&R concludes that Petitioner's Petition is barred by the statue of limitations and recommends that the Petition be denied and dismissed with prejudice.

Petitioner objected to the R&R (Doc. 30), and Respondents filed a "Reply to Objections to Report and Recommendation" (Doc. 32). Petitioner filed a sur-reply to Respondents reply.[1] (Doc 33.) The Court has considered the objections and reviewed the Report and Recommendation de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

**I. BACKGROUND**

---

[1] Respondents moved to strike the sur-reply. (Doc. 34.) The Court denies the motion, considering the sur-reply to ensure "a complete picture of the issues in need of resolution." *Tounget v. Valley-Wide Recreation & Park Dist.*, No. EDCV 16-88 JGB (KKX), 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020).

After representing himself at trial, a jury found Petitioner guilty of aggravated assault. On February 13, 2015, he was sentenced to 15.75 years in prison. In a Memorandum Decision issued on May 12, 2016, the Arizona Court of Appeals affirmed the convictions and sentence. The Arizona Supreme Court denied review on January 23, 2018. The Court of Appeals issued its mandate on March 16, 2018. Petitioner filed a petition for certiorari with the United States Supreme Court on February 26, 2020. However, the R&R determined that the certiorari petition was not filed as a result of the ruling by Court of Appeals on his direct appeal but was filed as a result of the ruling on his second PCR Proceeding. (Doc. 29 at 3.)

Petitioner filed his first petition for post-conviction relief ("PCR") with the trial court on June 14, 2016. The trial court summarily denied his pro per Amended PCR Petition on April 5, 2017. Petitioner's multiple "replies" to the denial of his PCR were dismissed on May 1, 2017. Despite Petitioner's contention that he sought review of the dismissal of his PCR with the Arizona Court of Appeals and Arizona Supreme Court, he has failed to offer anything to support those assertions. The R&R found that Petitioner did not seek further review of the trial court's dismissal of his PCR.

On March 26, 2018, Petitioner filed his second PCR. The second PCR was dismissed on February 6, 2019, as untimely and successive under Arizona Rule of Criminal Procedure 32. On September 26, 2019, the Arizona Court of Appeals denied relief on Petitioner's appeal of the trial court's denial of his PCR. On May 28, 2020, the Arizona Supreme Court summarily denied review of the Court of Appeals denial of relief. The Arizona Court of Appeals issued its mandate on June 25, 2020.

**II. OBJECTIONS**

The R&R's recommendation for dismissal of the habeas petition is based on its finding that Petitioner failed to file the petition within the 1-year statue of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner's objection makes a general unsupported claim that the R&R block-quoted "altered and misleading" information, which was taken directly by the R&R from the Court

of Appeals memorandum decision on direct appeal. Although he claims the information is altered and misleading, Petitioner provides no support for that claim. More importantly, the quote does not include facts upon which the R&R relied in reaching its determination that Petitioner's date of filing fell outside the AEDPA statute of limitations. Petitioner's objections do not challenge the relevant dates, facts or law relied on by the R&R. Instead, other than his one complaint about the recitation of facts from the Court of Appeals decision, the Petitioner's objections amount to a summary of the arguments for relief asserted in his petition. Reasserting the merits of a claim does not constitute a proper objection. *Sullivan v. Schriro*, CV–04–1517, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006).

The R&R correctly determined that the statute of limitations commenced to run when his conviction became final on April 23, 2018, and expired one year later, on April 23, 2019. Petitioner filed his habeas petition on December 30, 2020, approximately 18 months after the statue of limitations had expired. There has been no showing to support a claim for equitable tolling nor has there been evidence presented of actual innocence. Petitioner's Petition is barred by the statute of limitations.

**IT IS ORDERED** that Respondents' motion to strike (Doc. 34) Petitioner's sur-reply (Doc. 33) is **DENIED**.

**IT IS ORDERED** that Petitioner's Objection to the R&R (Doc. 30) is **OVERRULED**.

**IT IS ORDERED** that the R&R (Doc.29) is **ACCEPTED**.

**IT IS ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 9) is **DISMISSED WITH PREJUDICE.**

**IT IS ORDERED** that because the denial of Petitioner's habeas Petition is on procedural grounds and jurists of reason would not find it debatable, a Certificate of Appealability is **DENIED**.

/ / /

/ / /

The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 9) with prejudice and shall terminate this action.

Dated this 7th day of February, 2022.

Douglas L. Rayes
United States District Judge